income and use it for public purposes such as debt servicing, the municipality is not required thereafter to transfer it to the Commonwealth along with the unclaimed property at the expiration of the escheatment period.[12] Accordingly, we agree with the common pleas court and the Commonwealth Court that Appellants were not entitled to judgment on the pleadings.

The order of the Commonwealth Court is affirmed, and the case is remanded for further proceedings consistent with this Opinion.

Former Justice GREENSPAN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD and McCAFFERY join the opinion.

992 A.2d 121

**Laverne HARRIS; Elizabeth Clark; Gary Christopher; Derrick Bostic, Appellants**

v.

**Edward G. RENDELL, Governor of Pennsylvania and Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections, Appellees.**

Supreme Court of Pennsylvania.

April 28, 2010.

---

**12.** This conclusion is consistent with the position maintained by the Treasurer of Pennsylvania. *See generally* 1 Pa.C.S. § 1921(c)(8) (permitting courts to consider administrative interpretations of statutes whose words are not explicit on the issue under consideration).

## *ORDER*

PER CURIAM.

**AND NOW,** this 28th day of April, 2010, the Order of the Commonwealth Court is hereby **AFFIRMED.**

992 A.2d 122

**Miguel ALICEA, Appellant**

**v.**

**DEPARTMENT OF CORRECTIONS, Appellee.**

Supreme Court of Pennsylvania.

April 28, 2010.

## *ORDER*

PER CURIAM.

**AND NOW,** this 28th day of April, 2010, the May 12, 2009 Order of the Commonwealth Court granting judgment on the pleadings in favor of the Department of Corrections is **AFFIRMED.**